UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LOMELI,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>BRYAN BIRKHOLZ, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:23-cv-00448-JAH-AHG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**(ECF No. 1).** |

　　　　On September 23, 2022, Petitioner Tony Lomeli ("Petitioner"), an inmate housed at FCI Lompoc, filed an "Emergency Motion Seeking Immediate Release from the Bureau of Prisons ("BOP") and Termination of Sentence Under 28 U.S.C. § 2241." (Pet., ECF No. 1). After a careful review of the Petition and responses submitted, and for the reasons set forth below, IT IS HEREBY ORDERED the Petition is **DENIED**.

　　　　On September 28, 2012, a grand jury returned a five-count Superseding Indictment charging Petitioner with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Lomeli*, No. 3:12-cr-02791-JAH, ECF No. 588 (S.D. Cal. September 28, 2012). On May 30, 2014, a jury found Petitioner guilty of Unlawful Possession of a Firearm and guilty of Conspiracy to Distribute Methamphetamine. *Id*. at ECF No. 588  The Court imposed a sentence of 312-months,

and 120-months in custody, respectively, with the sentences to run concurrently. *Id.* at ECF No. 779.[1]

Petitioner appealed his sentence on December 2, 2014, *id.* at ECF No. 777, and the Ninth Circuit Court of Appeals affirmed the sentence and conviction, *id.* at ECF No. 830. On June 27, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the following bases: the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015); ineffective assistance of counsel; and denial of his Fourteenth Amendment right to equal protection of the law. *Lomeli*, No. 3:12-cr-02791-JAH, ECF Nos. 832, 884. The Court denied Petitioner's motion to vacate his sentence, finding Petitioner was not sentenced under the residual clause pursuant to *Johnson*, and the claims for ineffective assistance of counsel and Equal Protection under the 14th Amendment were unsupported by the law and the record in the case. *Id*. at ECF No. 893.

On July 2, 2020, Petitioner filed a Motion for Compassionate Release based on his potential exposure to COVID-19. *Id*. at ECF No. 909. The Court denied the motion, based upon Petitioner's failure to show extraordinary and compelling reasons to warrant a reduction in his sentence. *Id*. at ECF No. 920. Petitioner thereafter filed a renewed Compassionate Release Motion pursuant to 18 U.S.C. § 3582(c)(l), requesting compassionate release alleging the BOP has violated his constitutional rights and FCC Lompoc has provided inadequate medical care in light of the COVID-19 pandemic. *Id*. at ECF No. 933. This Court denied Petitioner's motion, finding Petitioner's medical conditions and general concerns regarding COVID-19 exposure at FCI Lompoc are not "extraordinary and compelling" reasons warranting relief. *Id*. at ECF No. 948.

---

[1] According to public records, Petitioner's projected release date is September 10, 2033. *See* Fed. R. Evid. 201; Fed. Bureau of Prisons Inmate Locater, https://www.bop.gov/inmateloc (last visited June 30, 2023).

On September 23, 2022, the instant Petition was filed in the United States District Court for the Central District of California captioned as an "emergency motion seeking immediate release from the BOP and termination of sentence under 28 U.S.C. § 2241 and relief from being held in custody in violation of the Eighth Amendment to the United States Constitution, and relief from conditions of confinement in violation of the Eighth Amendment, and relief from the BOP due to their inability to provide adequate medical care, and relief from the BOP repeated failure [sic] to execute and comply with the Federal Court's preliminary injunction order and relief from further psychological distress." (Pet. at 1 (capitalization adjusted)).  Petitioner requests that the Court grant him immediate release from the custody of the BOP based on the allegedly substandard medical care and inadequate treatment at FCI-Lompoc; poorly trained medical providers; conditions of confinement that violate the Fifth and Eighth Amendments and the prohibition against cruel and unusual punishment that violate the Due Process Clause and international law. Petitioner further argues that the class-action lawsuit in *Torres, et al. v. Milusnic, et al.*, (later renamed *Garries, et al. v. Milusnic, et al.*) [2] has not provided Petitioner with any relief from the unconstitutional conditions of confinement. *(Id.)* Petitioner requests release to home confinement. *(Id.)*

---

[2]     Plaintiffs in *Torres*/*Garries* asserted two causes of action: (1) Unconstitutional Conditions of Confinement in Violation of the Eighth Amendment to the U.S. Constitution pursuant to 28 U.S.C. §§ 2241, 2243; (2) and Unconstitutional Conditions of Confinement in Violation of the Eighth Amendment to the U.S. Constitution pursuant to U.S. Const., Amend. VIII; 28 U.S.C. § 1331; 5 U.S.C. § 702.  472 F. Supp. 3d 713, 718 (C.D. Cal. Jul. 14 2020).  Petitioners sought injunctive relief in the form of: (1) expedited review and determination of eligibility of Lompoc inmates for home confinement and compassionate release; (2) and improved conditions for inmates remaining at Lompoc in light of COVID-19. As relevant here, the court determined that "[b]ecause Petitioners contend there are no set of conditions of confinement that could be constitutional, the [c]ourt finds [p]etitioners challenge the conditions of their confinement . . . Accordingly, the [c]ourt concludes [p]etitioners properly assert a habeas claim pursuant to 2241[.]" *Id.* at 726.

     The Government filed a motion to dismiss the Petition stating the Petition "is defective and must be dismissed for multiple independent reasons." (MTD, ECF No. 12 at 1). First, as to Petitioner's allegation regarding the excessive COVID-19 risk at FCC Lompoc the Government argued this claim must be dismissed as it is not a valid basis for § 2241 habeas jurisdiction. (*Id*. at 9-10). Second, as to Petitioner's claim that the BOP at FCC Lompoc engaged in systematic indifference to COVID-19 risk that required release of inmates, the Government claimed that the class-wide settlement agreement in *Garries, et al. v. Milusnic, et al.*, No. 2:20-cv-04450-CBM-PVC, resolved this issue and that Petitioner does not identify any inmate-specific claims outside of the class to warrant release. (*Id*. at 10). Third, the Government alleged that because the Central District of California is not the sentencing court it lacks the authority to hear Petitioner's request for compassionate release under the First Step Act, and requests the case be transferred. (*Id*. at 10). Lastly, the Government contends that the instant Petition fails because Petitioner had not exhausted his administrative remedies before bringing suit. (*Id*. at 10).

     On March 9, 2023, the Hon. John W. Holcomb in the District Court for the Central District of California granted the motion to dismiss on the basis of improper venue and transferred the matter to this Court. (Order on MTD, ECF No. 13).

     The Ninth Circuit in *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), resolved the question of whether prisoners can use habeas to obtain review of their conditions of confinement, when the only remedy requested is release to home confinement. The Court stated that "[t]he question of whether a claim goes to the core of habeas does not turn ... solely on whether the prisoner requested release as opposed to some other form of relief." 69 F.4th at 1072. The Ninth Circuit further stated that "[r]elease is the only available remedy—and thus a claim is at the core of habeas—if a successful petition demonstrates that the *detention itself* is without legal authority." *Id*. at 1070 (emphasis in original). "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus." *Id*. at 1071. Like the petition in *Pinson*, the habeas request here does not allege that the detention itself is without legal authority. Accordingly,

Petitioner's request is **DENIED**, as the Court lacks jurisdiction to provide Petitioner with the relief requested. The dismissal is without prejudice to Petitioner's right to file a claim challenging his conditions of confinement. *Id.* at 1076 ("We therefore conclude the district court was not required to convert [the petitioner's] habeas petitions into civil rights actions[.]").[3]

**IT IS SO ORDERED.**

DATED: July 26, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[3] To the extent that Petitioner presents a valid § 3582 motion, he does not present any new extraordinary and compelling circumstances that have not already been considered by this Court. *See Lomeli*, No. 3:12-cr-02791-JAH, ECF Nos. 920, 948.